UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GLENDA CLARK, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-04065-SLD-JEH |
| INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 865, and DEERE & COMPANY, | ) ) ) ) ) ) ) |
|       Defendants. | ) ) |

ORDER

Before the Court are motions to dismiss filed by Defendants International Union United Automobile, Aerospace & Agricultural Implement Workers of America, Local 865 ("UAW Local 865" or "the Union"), ECF No. 19, and Deere & Company ("Deere"), ECF No. 21. For the following reasons, the motions are GRANTED.

**BACKGROUND[1]**

Plaintiff Glenda Clark worked as an assembler for Deere for a little over ten years. While employed there, Clark was a member of UAW Local 865, which served as the bargaining representative pursuant to the Collective Bargaining Agreement ("CBA") between itself and Deere. In June 2019, the Union requested to Deere that Clark be disqualified from her assembler position, and on June 27, 2019, Deere disqualified her. Deere's stated reason for disqualifying

---

[1] When reviewing a motion to dismiss, the Court "accept[s] all facts alleged in the complaint as true and draw[s] all reasonable inferences from those facts in favor of the plaintiff." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). The factual background is therefore drawn from the First Amended Complaint, ECF No. 18.

1

Clark was that she was over tag time by one minute. Clark is Black, and similarly situated non-Black assemblers were also over tag time but were not disqualified from their positions.

During testing, Clark was given a heavier workload resulting in a much more difficult test than that which was given to similarly situated non-Black assembly workers. For example, if other assemblers were absent, Clark was expected to pick up the slack and would be blamed and penalized for not meeting the required numbers. This was not the case for similarly situated non-Black assembly workers. Deere also tested Clark on machines for which she was not fully and thoroughly trained but did not do the same to non-Black assemblers.

On June 27, 2019, after being disqualified, Clark filed a Step One grievance requesting to be reinstated to her assembly position. The grievance was filed at Step Two on July 31, 2019. On December 7, 2019, the Union's Human Rights Committee issued a written opinion finding that Clark had been treated unfairly by Deere and recommending that she be returned to her department and job classification and be made whole.

The grievance was filed at Step Three on June 24, 2020, and alleged racial discrimination. At Step Three, Deere agreed to remove Clark's disqualification and allow her to bid on another assembly job. Despite this agreement, Clark's supervisor refused to allow Clark to bid on another assembly job.

The Union referred Clark's grievance to the Joint Appeal Board on March 4, 2021. The Union elected not to arbitrate the grievance. On December 6, 2022, the Union informed Clark that it had settled the grievance on her behalf, and that she would be allowed to bid on any K-8 assembly job at the factory except those in her former department.

Clark filed a hybrid suit under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), against Deere and the Union on April 26, 2023, Compl., ECF No. 1, alleging

the Union breached it duty of fair representation and Deere breached the CBA.[2]  Clark amended her complaint on August 2, 2023, First Am. Compl., ECF No. 18.  Defendants both filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim: the Union, on August 4, 2023, *see generally* UAW Local 865 Mot. Dismiss; and Deere, on August 16, 2023, *see generally* Deere Mot. Dismiss.

## DISCUSSION

**I.    Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At the motion to dismiss stage, the key inquiry is whether the complaint is "sufficient to provide the defendant with 'fair notice' of the plaintiff's claim and its basis."  *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint's allegations and provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[D]etailed factual allegations are unnecessary," *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016), but the complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When deciding on a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences from those factual allegations in favor of the nonmoving party.  *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).  "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim," however, "are

---

[2] A suit in which an employee sues both her employer for breach of the CBA and her union for breach of the duty of fair representation is known as a "hybrid" action under § 301 of the LMRA.  *Wince v. CBRE, Inc.*, No. 19-CV-01546, 2020 WL 6273479, at *7 (N.D. Ill. Oct. 26, 2020), *aff'd*, 66 F.4th 1033 (7th Cir. 2023).

not entitled to [the] presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain more than "labels and conclusions" or "naked assertions devoid of further factual enhancement" — in other words, it must go beyond a simple "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alterations omitted) (quotation marks omitted).

**II.   Analysis**

Both Deere and the Union argue Clark's suit is time-barred by a six-month statute of limitations that started running in June 2019 when the Union requested that Deere disqualify Clark from her assembler job. Deere Mem. Law Supp. Mot. Dismiss 2, 4–5, ECF No. 22;[3] UAW Local 865 Mot. Dismiss ¶¶ 16–19. Additionally, both Defendants argue that the Amended Complaint fails on the merits because Clark presented conclusory allegations but no specific facts showing how the Union breached its duty of fair representation. Deere Mem. Law Supp. Mot. Dismiss 5–8; UAW Local 865 Mot. Dismiss ¶¶ 20–41. Defendants further aver that because Clark's two claims are "inextricably interdependent," without a viable claim against the Union, her claim against Deere fails as a matter of law. Deere Mem. Law Supp. Mot. Dismiss 2, 8 (quotation marks omitted); UAW Local 865 Mot. Dismiss ¶ 39 (quotation marks omitted).

Clark argues her claim is not time-barred because she filed suit within six months after exhausting her administrative remedies which occurred on December 6, 2022, when the Union provided written notice of the final determination regarding her grievance. Pl.'s Resp. UAW Local 865 Mot. Dismiss 2–4, ECF No. 23; Pl.'s Resp. Deere Mot. Dismiss 2–4, ECF No. 24.

---

[3] The Court uses the page numbers generated by CM/ECF because Deere's motion to dismiss is not paginated.

Additionally, she contends that she adequately alleged facts from which the Court could infer that the Union acted in bad faith and, accordingly, breached its duty of fair representation. Pl.'s Resp. UAW Local 865 Mot. Dismiss 4–6; Pl.'s Resp. Deere Mot. Dismiss 4–6.

### A. Statute of Limitations

A six-month statute of limitations applies to hybrid § 301/duty of fair representation claims like the one here. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983) (holding that the statute of limitations applicable to hybrid § 301 claims is the six-month period borrowed from § 10(b) of National Labor Relations Act, 29 U.S.C. § 160(b)). "[A §] 301 cause of action accrues from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance." *Chapple v. Nat'l Starch & Chem. Co. & Oil*, 178 F.3d 501, 505 (7th Cir. 1999).

The parties disagree on when the statute of limitations began to run, that is, when Clark's cause of action accrued. Defendants assert that Clark's cause of action accrued in June 2019 when the Union recommended her disqualification, UAW Local 865 Mot. Dismiss ¶ 18; Deere Mem. Law Supp. Mot. Dismiss 5, while Clark asserts that her cause of action accrued on December 6, 2022 when she received notice of the final determination of her grievance, Pl.'s Resp. UAW Local 865 Mot. Dismiss 3; Pl.'s Resp. Deere Mot. Dismiss 3. Clark filed suit on April 26, 2023. Therefore, if Defendants are correct, Clark's suit is time-barred, but if Clark is correct, her suit is timely.

Clark states she was "obviously" unaware the Union had recommended her disqualification when she filed her grievance, Pl.'s Resp. UAW Local 865 Mot. Dismiss 5; Pl.'s Resp. Deere Mot. Dismiss 5, and does not disclose when she learned of the Union's

5

recommendation to Deere. From the face of the complaint, it is impossible to determine with certainty at what point Clark, exercising reasonable diligence, could have discovered the Union's wrongful act of requesting her disqualification. "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). The Court cannot conclusively say when Clark's cause of action accrued, and therefore Defendants' statute of limitations defense is denied without prejudice.

### B. The Union's Breach of Its Duty of Fair Representation

Clark's two claims — breach of the duty of fair representation against the Union and breach of contract against Deere — are "inextricably interdependent," *DelCostello*, 462 U.S. at 164 (quotation marks omitted), and Clark therefore must first meet the burden of showing that the Union breached its duty of fair representation, *Adams v. Budd Co.*, 846 F.2d 428, 432 (7th Cir. 1988). If Clark is unable to show such a breach, her § 301 claim is barred. *Huffman v. Westinghouse Elec. Corp.*, 752 F.2d 1221, 1223 (7th Cir. 1985). Accordingly, the Court will address the threshold question of whether Clark alleged sufficient factual detail to demonstrate the Union breached its duty.

To succeed on a § 301 claim, an employee must allege that "the union's representation was grossly inadequate – so inadequate that the employee, as a practical matter, had no opportunity to pursue the grievance process at all." *Wince v. CBRE, Inc.*, No. 19-CV-01546, 2020 WL 6273479, at *7 (N.D. Ill. Oct. 26, 2020) (citing *Vaca v. Sipes*, 386 U.S. 171, 186–87 (1967); *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 914 (7th Cir. 2013)), *aff'd*, 66 F.4th 1033 (7th

Cir. 2023). The union is responsible for representing the employee's interests fairly and addressing grievances pursuant to the CBA. *Yeftich*, 722 F.3d at 913–14. Unions have significant discretion in deciding to what extent a grievance should be pursued, *Rupe v. Spector Freight Sys., Inc.*, 679 F.2d 685, 691 (7th Cir. 1982), and "only an egregious disregard for union members' rights constitutes a breach of the union's duty," *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1176 (7th Cir. 1995) (quotation marks omitted).

A union enjoys "wide latitude" in performing its obligation to represents its members fairly, *Yeftich*, 722 F.3d at 916, and breaches its duty of fair representation only when its conduct is "arbitrary, discriminatory, or in bad faith." *Id.* (quoting *Vaca*, 386 U.S. at 190). "Bad faith is a subjective inquiry (involving state of mind), and arbitrariness is an objective inquiry (involving unreasonableness to the point of irrationality)." *Wince*, 2020 WL 6273479, at *7 (citing *Yeftich*, 722 F.3d at 916–17). The Seventh Circuit has held that a complaint could survive a motion to dismiss if it "offer[ed] facts that suggest a motive for the union's alleged bad-faith conduct." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (quotation marks omitted).

When determining whether a union acted arbitrarily, courts are required to afford substantial deference to the union's decisions and conduct. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991) ("Any substantive examination of a union's performance . . . must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities."). A union's conduct is impermissibly arbitrary only when its "actions are so far outside a wide range of reasonableness, that the actions rise to the level of irrational." *Ooley v. Schwitzer Div., Household Mfg. Inc.*, 961 F.2d 1293, 1302 (7th Cir. 1992) (quotation marks omitted). "Under this extremely deferential standard, courts should

not substitute their judgment for that of the union, even if, with the benefit of hindsight, it appears that the union could have made a better call." *Id.*; *see also Dupree v. Nat'l Ass'n of Letter Carriers*, No. 12-cv-576-JPG-DGW, 2013 WL 2597511, at *4 (S.D. Ill. June 11, 2013) ("Even if it is clear in hindsight that the union should have done things differently, there is no breach of the duty of fair representation unless the union's conduct was irrational.").

To show that the Union breached its duty, "[t]he plaintiff must . . . establish both that the union acted at least arbitrarily *and* that the plaintiff was actually harmed by the union's actions." *Garcia*, 58 F.3d at 1176. Accordingly, a plaintiff must show that the outcome of the grievance process would have been better but for the union's breach of its duty. *Id.* at 1177; *Conn v. GATX Terminals Corp.*, 18 F.3d 417, 420 (7th Cir. 1994) (finding that a plaintiff cannot recover for harmless breach of duty of fair representation).

Clark alleges that the Union breached its duty of fair representation by (1) failing to refer her grievance to arbitration, (2) failing to adequately consult with her prior to reaching the settlement agreement, and (3) recommending her disqualification in June 2019.[4] First Am. Compl. 5; Pl.'s Resp. UAW Local 865 Mot. Dismiss 5; Pl.'s Resp. Deere Mot. Dismiss 5. The Court addresses each allegation in turn.

   i. **The Union's Failure to Consult with Clark and Failure to Arbitrate**

The first and second allegations can be dispensed with easily. It is well established that an "employee has no absolute right to have [her] grievance arbitrated under the collective

---

[4] Clark also mentions in passing that the "length of time" it took to resolve her grievance is evidence the Union breached its duty, but she provides no explanation or authority for this contention. *See* Pl.'s Resp. UAW Local 865 Mot. Dismiss 5 ("Plaintiff's other allegations support her claim that [the Union] breached its duty of fair representation to Plaintiff, including . . . the length of time to resolve the Grievance."); Pl.'s Resp. Deere Mot. Dismiss 5 (same). An unsupported cursory comment is not a well-developed argument and the Court declines to consider it. *See Thakore v. Universal Mach. Co. of Pottstown*, 670 F. Supp. 2d 705, 716 (N.D. Ill. 2009) ("The Seventh Circuit has repeatedly stressed that it is not the obligation of the court to research and construct the legal arguments available to parties, and that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .").

8

bargaining agreement." *Vaca*, 386 U.S. at 194–95. "An employee may disagree with many of the union decisions but is bound by them" because the employee chose the union to be its "exclusive bargaining representative." *Rupcich v. United Food & Com. Workers Int'l Union, Local 881*, 833 F.3d 847, 853 (7th Cir. 2016) (quotation marks omitted). An employee cannot compel arbitration of her grievance but instead must accept the union's decision-making regarding how to pursue the employee's grievance. *Rogers v. Jewel Food Stores, Inc.*, No. 13 C 6761, 2014 WL 4913673, at *4 (N.D. Ill. Sept. 30, 2014). "[A] union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion," *Vaca*, 386 U.S. at 191, but just because a union's strategy is not the employee's preferred approach does not prove an "egregious disregard for union members' rights." *Garcia*, 58 F.3d at 1179 (quotation marks omitted).

Here, the Union pursued Clark's grievance through the three steps of the grievance process. The Union's Human Rights Committee issued an opinion supporting Clark, recommending that she "be treated equally and fairly, returned to her job classification, returned to her department and be made whole." First Am. Compl. ¶ 17. The Union agreed with Clark that she was being treated unfairly and singled out by Deere based on her race. *Id.* When Clark's supervisor at Deere refused to implement the agreed-upon resolution at Step Three of the grievance process, *i.e.*, removing the disqualification and allowing Clark to bid on another assembly job, the Union referred Clark's grievance to the Joint Appeal Board. *Id.* ¶¶ 18–20. The Union then settled Clark's grievance without resorting to arbitration thereby allowing Clark to bid on any K-8 assembly job posted at the Deere factory except those with her previous department. *Id.* ¶ 22. The law is clear that "a union does not breach its duty of fair representation . . . merely because it settled the grievance short of arbitration." *Vaca*, 386 U.S. at

192. Accordingly, Clark's first and second allegations fail to support a breach of the duty of fair representation claim.

### ii. The Union's Recommendation That Clark Be Disqualified From Her Position

Clark alleges that the Union's act of recommending her disqualification was committed with "malice," was "fraudulent and dishonest," "[was] the epitome of bad faith," and "[was] so outside the range of reasonableness that it [was] irrational." Pl.'s Resp. UAW Local 865 Mot. Dismiss 5–6; Pl.'s Resp. Deere Mot. Dismiss 5–6. Defendants contend that there is an "utter lack of factual detail" supporting Clark's allegation that the Union recommended she be disqualified from her assembler position. UAW Local 865 Mot. Dismiss ¶¶ 7–8; *see also* Deere Mot. Dismiss 6 ("Even crediting Plaintiff's allegation that the Union requested her disqualification, there are no facts alleged from which the Court can infer that any such request constituted 'fraud, deceitful action or dishonest conduct.'").

Clark asserts that the Union acted dishonestly, maliciously, irrationally, and in bad faith, Pl.'s Resp. UAW Local 865 Mot. Dismiss 5; Pl.'s Resp. Deere Mot. Dismiss 5, but she has provided no factual details that would support such a conclusion. *See Bishop*, 900 F.3d at 397 ("Plaintiffs fail to state a claim of bad faith when their complaint contains nothing but 'conclusory labels,' such as that union officials had acted 'invidiously' or 'intentionally, willfully, wantonly, and maliciously.'" (alterations omitted) (quoting *Yeftich*, 722 F.3d at 916)).

At the motion to dismiss stage, Clark must specifically plead facts showing that the Union acted with a discriminatory intent or bad faith motive or how its actions were otherwise completely irrational — but she has failed to do so. *See Holloway v. Shambaugh & Son, Inc.*, 988 F. Supp. 2d 901, 910 (N.D. Ind. 2013) ("[T]he Seventh Circuit requires that supporting facts showing discriminatory intent by the union must be specifically pled."); *English v. Serv. Emps.*

10

*Int'l Union, Loc. 73*, 458 F. Supp. 3d 948, 954–55 (N.D. Ill. 2020) ("[P]laintiffs did not meet their pleading burden because their allegations that [their union] did not adequately pursue plaintiffs' grievances were merely conclusory."); *Yeftich*, 722 F.3d at 917 (affirming dismissal of the plaintiffs' breach of duty of fair representation claims for failure to make non-conclusory allegations).

Here, "the complaint's skeletal allegations simply mirroring the elements of a [§] 301 bad-faith claim are not enough to take [Clark's] complaint over the line from a 'possible' to a plausible claim of entitlement to relief." *Yeftich*, 722 F.3d at 917 (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570). Because Clark has not adequately alleged that the Union breached its duty of fair representation, her breach of contract claim against Deere also fails.

## CONCLUSION

For the foregoing reasons, Defendant International Union United Automobile, Aerospace & Agricultural Implement Workers of America, Local 865's motion to dismiss, ECF No. 19, and Defendant Deere & Company's motion to dismiss, ECF No. 21, are GRANTED. Plaintiff's First Amended Complaint, ECF No. 18, is DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to file an amended complaint, if she so desires, to address the deficiencies identified in this Order by April 5, 2024.

Entered this 15th day of March, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE